IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02725-BNB
**(The above civil action number must appear on all future papers sent to the Court in this action. Failure to include this number may result in a delay in the consideration of your claims.)**

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 15 2010

GREGORY C. LANGHAM
CLERK

JUSTIN RUEB, #94567, also known as
    JUSTIN J. RUEB, and as
    JUSTIN JOSEPH RUEB,
LEROY J. ARMIJO, #64355,
RUDY BALL, #117586,
CLIFTON BLECHA, #59851
CESAR CABRERA, JR., #114314,
RAYMOND CAIN, #88807,
FRANCISCO CORDOZA, #109770,
SHANE CROOK, #102750,
ROY HERNANDEZ, #57239,
JACOB IND, #84247,
ALAN MEADS, #131676,
GILBERT MONTUR, #68627,
JACOB OAKLEY, #123294,
PATRICK PLACENSIO, #66074,
LARRY SCOTT, #56289,
GEORGE SHANKLIN, #60141,
SHAWN SHIELDS, #69301,
VERNON TEMPLEMAN, #51255,
LARRY UPTON, #118846,
JARED VILLAREAL, #118512,
DARYL WAGNER, #60176,
SIDNEY BLAKE, #62505, and
PATRICK RAMIREZ, #101911,

    Plaintiffs,

v.

ARISTEDES ZAVARAS,
ROBERT ALLEN,
EUGENE ATHERTON,
DENNIS BURBANK,
BRIAN BURNETT,
ANTHONY DECESARO,
JOHN DOE #1,

JOHN DOE #2,
JOHN DOE #3,
JOHN DOE #4,
JOHN DOE #5,
SUSAN JONES,
ANGEL MEDINA,
KEVIN MILYARD,
DONICE NEAL,
JOE ORTIZ,
LARRY REID, and
JOHN SUTHERS,

    Defendants.

---

## ORDER DENYING PERMISSIVE JOINDER, AND DISMISSING PLAINTIFFS OTHER THAN JUSTIN RUEB

---

Plaintiff, Justin Rueb, also known as Justin J. Rueb and Justin Joseph Rueb, and twenty-two other Plaintiffs, all of whom are prisoners in the custody of the Colorado Department of Corrections (DOC), have submitted a letter to the Court and a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the alleged lack of outdoor exercise for administrative segregation inmates at various DOC correctional facilities, including but not limited to the Colorado State Penitentiary, Colorado State Penitentiary II, San Carlos Correctional Facility, and Sterling Correctional Facility. Only Mr. Rueb has submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The Plaintiffs, all *pro se*, seek to proceed jointly.

Although Rule 20 of the Federal Rules of Civil Procedure authorizes the joinder of parties and claims that present a common question of law or fact, Fed. R. Civ. P. 21 allows the Court on its own, at any time, and on just terms to drop a party. Therefore, the Court, for the following reasons, will deny joinder in this action, dismiss all Plaintiffs

except Mr. Rueb, and allow the dismissed Plaintiffs to initiate new and separate actions, if they choose.

Many federal district courts have found that the pervasive impracticalities associated with multiple-plaintiff prisoner litigation militate against permissive joinder otherwise allowed by Fed. R. Civ. P. 20(a)(1). ***Boretsky v. Corzine***, No. 08-2265 (GEB), 2008 WL 2512916, *5 (D. N.J. 2008) (unpublished) (collecting cases). Among the difficulties noted by these courts are the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* Moreover, some prisoners may forge others' signatures or otherwise attempt to act on behalf of their fellow plaintiffs, although only members of the bar are allowed to litigate as agents.

These courts also have noted that prison populations are transitory, making joint litigation difficult. *Id.* That difficulty certainly is a factor here, where Plaintiffs allegedly are confined at three different correctional facilities within the DOC. Eighteen Plaintiffs allege they are incarcerated at P. O. Box 777, Cañon City, Colorado 81215 (Colorado State Penitentiary). Two Plaintiffs allege they are incarcerated at P. O. Box 500, Cañon City, Colorado 81215, which is unlikely because this is the address of the decommissioned Colorado Women's Correctional Facility. Three Plaintiffs allege they are incarcerated at P. O. Box 6000, Sterling, Colorado 80751 (Sterling Correctional Facility).

The Court, based on its own review of the DOC website, www.doc.state.co.us, is

aware that, as of November 2, 2010, four of the Plaintiffs no longer are incarcerated. Because the Court only has available the prison addresses for the four released inmates – although it is possible more inmates have been released or transferred – this order will be mailed only to the addresses of record as provided by the Plaintiffs with the Prisoner Complaint. The same is true for inmates allegedly confined at the decommissioned Colorado Women's Correctional Facility. Copies of this order will be mailed to them at the address provided.

The Court is persuaded by the reasoning of the district courts discussed in *Boretsky* opposing permissive joinder. It is administratively impracticable to permit multiple inmates incarcerated at different DOC penal institutions to litigate their claims concerning administrative segregation at different DOC penal institutions in the instant action.

Prisoners, whose circumstances make joint litigation exceptionally difficult, are not in the same situation as non-prisoner joint plaintiffs. Coordination would be difficult in view of restrictions on interpersonal communication within a prison facility and restrictions on inmate-to-inmate communications among prison facilities. *See generally Shaw v. Murphy*, 532 U.S. 223, 228-31 (2001) (noting there is no special protection for legal communications among inmates). Obtaining signatures from all Plaintiffs can be difficult when all Plaintiffs are housed in the same prison facility, but prison populations, as illustrated in this case, are notably transitory. Inmates are released or transferred within the DOC, not to mention relocated within a prison itself. For legitimate security reasons, institutional rules may prohibit inmates from

4

corresponding within and among facilities, making compliance with Fed. R. Civ. P. 11(a) extremely difficult. *See Turner v. Safley*, 482 U.S. 78, 91-92 (1987) (the prohibition on prisoner-to-prisoner correspondence between institutions is logically connected to a legitimate security concern).

Fed. R. Civ. P. 21 provides that "the [C]ourt may at any time, on just terms, . . . drop a party." It would not be just to dismiss this case in its entirety merely because of the myriad impracticalities of joint litigation by Plaintiffs. Instead, the Court will dismiss all Plaintiffs except Mr. Rueb, the first named Plaintiff.

The dismissal of the Plaintiffs other than Mr. Rueb will be without prejudice. Any dismissed Plaintiff who wishes to pursue his claims may initiate a separate action by filing a Prisoner Complaint on the Court-approved form and either by paying the $350.00 filing fee or submitting a properly completed Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form. The clerk of the Court will be directed to mail to each dismissed Plaintiff, together with a copy of this order, a copy of the Court-approved forms. Each separate action will be subject to the preliminary screening requirements of D.C.COLO.LCivR 8.2, and the Plaintiff in each separate action will be required to cure any deficiency in his filings.

The request to mail copies of the Local Rules of Practice for this Court to each Plaintiff will be denied as to the dismissed Plaintiffs. Any dismissed Plaintiff who wishes to initiate a separate action may request a copy of the local rules at that time. The clerk of the Court will be directed to mail a copy of the local rules to Mr. Rueb.

As part of the Court's review of the instant action pursuant to D.C.COLO.LCivR 8.2, the Court has determined that the submitted documents are deficient as described

in this order. Mr. Rueb will be directed to cure the following if he wishes to pursue his claims. Any papers that Mr. Rueb files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit:**
(1) ___ are not submitted
(2) ___ is missing affidavit
(3) _X_ is missing certified copy of prisoner's trust fund statements for the 6-month period immediately preceding this filing
(Account statement submitted does not cover 6-month period immediately preceding this filing)
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) ___ is missing an original signature by the prisoner
(7) ___ is not on proper form (must use the court's current form)
(8) ___ names in caption do not match names in caption of complaint, petition or habeas application
(9) ___ An original and a copy have not been received by the court. Only an original has been received.
(10) _X_ other: Current certified account statement only is necessary if $350.00 filing fee is not paid in advance.

**Complaint, Petition or Application:**
(11) ___ is not submitted
(12) ___ is not on proper form (must use the court's current form)
(13) ___ is missing original signatures by the prisoners
(14) ___ is missing page nos. ___
(15) ___ uses et al. instead of listing all parties in caption
(16) ___ An original and a copy have not been received by the court. Only an original has been received.
(17) ___ Sufficient copies to serve each defendant/respondent have not been received by the court.
(18) ___ names in caption do not match names in text
(19) _X_ other No addresses provided for each named Defendant

Mr. Rueb has failed to provide any addresses for Defendants, alleging instead that the complaint may be served through an attorney who has entered an appearance as Defendants' counsel of record in an unrelated and unspecified case. Mr. Rueb must provide the address for each named Defendant. The request to serve Defendants

through an attorney who has not entered an appearance in this action will be denied.

Finally, Mr. Rueb alleges he has mailed to the Court two sets of materials: (1) copies of the complaints he and various co-Plaintiffs have tendered in three separate actions, including the instant action, and (2) an "Information Packet" for each co-Plaintiff. The packets consist of two letters to "fellow plaintiffs" from Mr. Rueb dated August 29 and 30, 2010; a copy of a memorandum of law submitted in support of **Rueb v. Zavaras**, No. 09-cv-02817-REB-MEH (D. Colo. filed Dec. 2, 2009), currently pending before the Court; and a document concerning conjugal visits. Mr. Rueb asks the Court to mail these materials to each Plaintiff at the Court's expense. The request to mail the materials to each Plaintiff will be denied. Mr. Rueb will be directed to make arrangements within thirty days for the materials to be mailed or picked up at his expense; otherwise, the materials will be destroyed.

Accordingly, it is

ORDERED that the Court denies joinder in this action, dismisses without prejudice all Plaintiffs except the first named Plaintiff, Justin Rueb, and allows the dismissed Plaintiffs to initiate separate actions, if they choose. It is

FURTHER ORDERED that the clerk of the Court shall mail to each dismissed Plaintiff, together with a copy of this order, a copy of the following forms for use in initiating a separate action: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that Mr. Rueb cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers that Mr. Rueb files in

7

response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Mr. Rueb's request to serve Defendants through an attorney who has not entered an appearance in this action is denied. It is

FURTHER ORDERED that Mr. Rueb's request for the Court to mail materials to each dismissed Plaintiff is denied. It is

FURTHER ORDERED that Mr. Rueb is directed to make arrangements **within thirty (30) days from the date of this order** for the materials to be mailed or picked up at his expense. If Mr. Rueb fails to have the materials mailed or picked up at his expense within the time allowed, the materials will be destroyed. It is

FURTHER ORDERED that, if Mr. Rueb fails to cure the designated deficiencies as directed **within thirty (30) days from the date of this order**, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the request for copies of the Local Rules of Practice for this Court is denied as to the dismissed Plaintiffs. Any dismissed Plaintiff who wishes to initiate a separate action may request a copy of the local rules at that time. The clerk of the Court is directed to mail a copy of the local rules only to Mr. Rueb. It is

FURTHER ORDERED that the clerk's office correct the docketing records for

this action to include Mr. Rueb's aliases.

DATED at Denver, Colorado, this  12th  day of  November , 2010.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02725-BNB

Justin Joseph Rueb
Prisoner No. 94567
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Leroy J. Armijo
Prisoner No. 64355
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Rudy Ball
Prisoner No. 117586
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Clifton Blecha
Prisoner No. 59851
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Cesar Cabrera, Jr.
Prisoner No. 114314
P.O. Box 500
Cañon City, CO 81215-0500

Raymond Cain
Prisoner No. 88807
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Francisco Cordoza
Prisoner No. 109770
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Shane Crook
Prisoner No. 102750
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Roy Hernandez
Prisoner No. 57239
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Jacob Ind
Prisoner No. 84247
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Alan Meads
Prisoner No. 131676
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Gilbert Montur
Prisoner No. 68627
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Jacob Daniel Oakley
Prisoner No. 123294
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Patrick Placensio
Prisoner No. 66074
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Larry Scott
Prisoner No. 56289
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

George Shanklin
Prisoner No. 60141
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Shawn Shields
Prisoner No. 69301
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Vernon Templeman
Prisoner No. 51255
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Larry Upton
Prisoner No. 118846
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Jared Villareal
Prisoner No. 118512
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Daryl Wagner
Prisoner No. 60176
P.O. Box 500
Cañon City, CO 81215-0500

Sidney Blake
Prisoner No. 62505
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Patrick Ramirez
Prisoner No. 101911
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER to the above-named individuals and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms to the dismissed Plaintiffs and a copy of the Local Rules to Justin Rueb only** on 11/15/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk