IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 08 2011

Civil Action No. 10-cv-02725-BNB

GREGORY C. LANGHAM
CLERK

JUSTIN RUEB, #94567, also known as
    JUSTIN J. RUEB, and as
    JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

ARISTEDES ZAVARAS,
ROBERT ALLEN,
EUGENE ATHERTON,
DENNIS BURBANK,
BRIAN BURNETT,
ANTHONY DECESARO,
JOHN DOE #1,
JOHN DOE #2,
JOHN DOE #3,
JOHN DOE #4,
JOHN DOE #5,
SUSAN JONES,
ANGEL MEDINA,
KEVIN MILYARD,
DONICE NEAL,
JOE ORTIZ,
LARRY REID, and
JOHN SUTHERS,

    Defendants.

---

ORDER GRANTING PLAINTIFF LEAVE TO PROCEED
PURSUANT TO 28 U.S.C. § 1915
WITHOUT PAYMENT OF AN INITIAL PARTIAL FILING FEE

---

Based on the account statement that Plaintiff, Justin Rueb, submitted to the

Court on November 30, 2010, the Court finds that Plaintiff is unable to pay an initial

partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Section 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the case is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because Plaintiff's trust fund account statement indicates that he has insufficient funds in his inmate account to pay an initial partial filing fee and that he has no other available assets, Plaintiff may proceed in this action without payment of an initial partial filing fee. The Court will proceed to review Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief.

Although he need not pay an initial partial filing fee, Plaintiff remains obligated to pay the required $350.00 filing fee through monthly installments as directed in this Order. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. No. 1) is GRANTED. It is

FURTHER ORDERED that Plaintiff may proceed in this action without payment of an initial partial filing fee. Plaintiff remains obligated to pay the full amount of the required $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1) regardless of the

2

outcome of this action. It is

FURTHER ORDERED that, until the $350.00 filing fee is paid in full, Plaintiff shall make monthly payments to the Court of twenty percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this Order. Plaintiff must file a current certified copy of his trust fund account statement to show cause. It is

FURTHER ORDERED that if Plaintiff fails to have the appropriate monthly payment sent to the Clerk of the Court each month or to show cause each month, as directed above, why he has no assets and no means by which to make the monthly payment the Complaint may be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's Motion for Case Status Updates (Doc. No. 13) filed on February 18, 2011, is denied as moot. Plaintiff's Motion and Affidavit for leave to Proceed Under 28 U.S.C. § 1915 (Doc. No. 1) is being granted in this Order. Plaintiff's "Motion for Appointment of Counsel, and Combined Motion for 'Class Action' Certification, and Motion for Reconsideration of the Court's 11-12-10 and 11-15-10 Misjoinder Orders" (Doc. No. 9) was denied in the Order filed on February 22, 2011. It is

FURTHER ORDERED that Plaintiff's "Motion for An Order Ordering the Court Clerk's Office to Mail Plaintiff Rueb a Court-Stamped Copy of the Title Pages for Each of the Three Civil § 1983 Complaints (02725, 02726, and 02727)" (Doc. No. 14), filed on February 18, 2011, is denied. Mr. Rueb may obtain copies of the electronic documents filed in this action, including the title pages to the complaints in the three

3

designated lawsuits, at a cost of fifty cents per page, to be paid in advance. Mr. Rueb is advised that he should not submit to the Court any documents he may want copies of because the Court's electronic filing system does not allow the Court to maintain paper copies. It is

FURTHER ORDERED that process shall not issue until further order of the Court. It is

**FURTHER ORDERED that the Court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt Plaintiff may owe in a prior action or actions if Plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED March 8, 2011, at Denver, Colorado.

                                      BY THE COURT:

                                      <u>s/ Boyd N. Boland</u>
                                      United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02725-BNB

Justin Joseph Rueb
Prisoner No. 94567
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above named individuals on March 8, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk